**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| WEGROW AG LLC, | § | |
| *Plaintiff* | § | |
| | § | SA-23-CV-00922-XR |
| -vs- | § | |
| | § | |
| MAVCO ENERGY, LLC, | § | |
| DANNY JONES, | § | |
| *Defendants* | § | |
| | § | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

On this date, the Court considered Plaintiff WeGrow AG LLC's motion for summary judgment against Defendant Danny Jones and default judgment against Defendant Mavco Enery LLC (ECF No. 28) and supplement thereto (ECF No. 30). Mr. Jones has not filed a response, and the time to do so has expired. After careful consideration, the Court issues the following order.

## BACKGROUND

Plaintiff WeGrow AG LLC ("WeGrow") filed this action for breach of contract against Defendants Mavco Energy LLC ("Mavco") and Danny Jones ("Mr. Jones"), on July 26, 2023, based on diversity jurisdiction. ECF No. 1.

### I.     Undisputed Facts

In March 2023, WeGrow agreed to sell and Mr. Jones, ostensibly acting for Mavco, agreed to purchase calcium chloride pellets/granules (the "Cargo") with the shipment to be made in multiple lots. *See* ECF No. 30-1, Declaration of Juan Manuel Gonzalez Navarro (President and Chief Executive Officer of WeGrow) ¶ 2; ECF No. 28-1 (email offer). On March 10, 2023, unbeknownst to WeGrow, Mavco forfeited its authority to do business in the State of Texas. *See* ECF No. 30-1, Navarro Decl. ¶ 2; ECF No. 28-2 (Certificate of Forfeiture by Texas Secretary of State of Mavco's Charter).

In March 2023, WeGrow shipped 262,347 pounds of Cargo to Mavco in two deliveries: the first, 176,368 pounds, was shipped on March 16, 2023; and the second, 85,979 pounds, was shipped on March 24, 2023. *See* ECF No. 30-1, Navarro Decl. ¶ 2; ECF No. 28-3 (Bills of Lading). WeGrow invoiced Mavco for the Cargo in the amounts of $68,784.30 and $33,532.32, respectively, totaling $102,316.62. *See* ECF No. 28-4 (Invoice Numbers 7000028 and 7000030). Payment on the first invoice was due on March 24, 2023, with payment on the second due a week later. *See id.*

Mr. Jones failed to make timely payments on the invoices and, on April 20, 2023, acknowledged the outstanding and overdue amount is valid and promised payment in an email to WeGrow. *See* ECF No. 28-5 at 1. WeGrow ultimately received wire transfers totaling $22,767.20, which funds were seemingly sent by Mr. Jones personally (rather than Mavco), leaving a principal balance due of $79,549.42. *See* ECF No. 28-6.

## II.    Procedural History

Plaintiff served Mr. Jones and Mavco—through Mr. Jones, as its managing member—with process on January 9, 2024. *See* ECF Nos. 10, 11; *see also* ECF No. 28-7 at 1 (certificate of formation, naming Mr. Jones as Mavco's managing member). On January 29, 2024, Mr. Jones filed an answer acknowledging that the Cargo had been delivered and invoiced but asserting that he had lost business because it was defective. ECF No. 12.

Mr. Jones purported to answer for himself and for Mavco. *See id.* In federal court, however, corporate entities, including limited liability companies such as Mavco, are not permitted to proceed *pro se*. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); *Donovan v. Rd. Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam). Thus, on March 28, 2024, the Court ordered Mavco to obtain legal counsel and enter an appearance by April 29,

2024 or seek an extension of time to do so. ECF No. 13; *see also* Text Order (May 2, 2024) (extending deadline to July 1, 2024). Mavco failed to obtain counsel or respond to the Court's show cause orders. Accordingly, the Court issued an order directing the Clerk to enter default against Mavco but postponed consideration of a default judgment until the claims against Mr. Jones were resolved. ECF No. 17. Mavco has never appeared in this action or obtained counsel.

Plaintiff now seeks summary judgment against Mr. Jones and default judgment against Mavco. *See* ECF No. 28. Mr. Jones has not filed a response, and the time to do so has expired.[1]

## DISCUSSION

### I.    Motion for Summary Judgment against Mr. Jones

#### A.    Legal Standard

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the nonmovant's claim or defense. *Little v. Liquid Air Corp.*, 952 F.2d 841, 847 (5th Cir. 1992), *on reh'g en* banc, 37 F.3d 1069 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

---

[1] On May 19, 2025, following an appearance by the parties to this case on May 15, 2025, this Court issued an order terminating WeGrow's motion for summary judgment without prejudice, staying all deadlines to allow the parties to complete settlement payments based on the parties' agreed-upon timeline, and administratively closing the case pending further order of the Court. When Mr. Jones failed to make timely payments under the settlement agreement, the Court lifted the stay, reopened the case, reinstated Plaintiff's motion for summary judgment, and ordered Mr. Jones to file his response, if any, by August 29, 2025, or seek an extension of time to do so. *See* Text Order (July 29, 2025).

Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *See Fields v. City of S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991). Any "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Rather, the nonmovant must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). The Court will not assume "in the absence of any proof . . . that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075.

For a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, in other words, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, the court should review all the evidence in the record, giving credence to the evidence favoring the nonmovant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). The Court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment, *id.* at 150, and must review all facts in the light most favorable to the nonmoving party. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).

**B.     Analysis**

To prevail on a breach of contract claim in Texas, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Cano v. State Farm Mut. Auto. Ins. Co.*, 425 F. Supp. 3d 779, 789 (W.D. Tex. 2019) (quoting *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007)).

"The existence of a valid contract . . . requires: "(i) an offer; (ii) an acceptance in strict compliance with the terms of the offer; (iii) a meeting of the minds; (iv) each party's consent to the terms; and (v) execution and delivery of the contract with the intent that it be mutual and binding." *Id.* (quoting *Karns v. Jalapeno Tree Holdings, LLC*, 459 S.W.3d 683, 692 (Tex. App.—El Paso 2015, pet. denied)). It is undisputed that Mr. Jones, on behalf of Mavco, entered into a valid contract with WeGrow to purchase the Cargo. *See* ECF No. 30-1, Navarro Decl. ¶ 2; ECF No. 12 (answer); ECF No. 30-5 (email exchanges between WeGrow representative and Mr. Jones).

WeGrow tendered performance by delivering the Cargo. *See* ECF No. 30-1, Navarro Decl. ¶ 2; ECF No. 30-3 (bills of lading); ECF No. 30-4 (invoices); *Crop Prod. Servs., Inc. v. Vaculin*, No. 6:15-CV-00100, 2016 WL 3223323 (W.D. Tex. Feb. 16, 2016) (holding performance was tendered by Plaintiff when Plaintiff delivered the goods under the agreement). Mr. Jones does not dispute that he received the Cargo on Mavco's behalf. *See* ECF No. 12 (Answer).

Nonetheless, Mavco and Mr. Jones breached the contract when they failed to pay for the Cargo by the dates set forth in the invoices. *See* ECF No. 30-1, Navarro Decl. ¶ 2; ECF No. 30-4 (invoices); ECF No. 30-5 (email exchanges between WeGrow representative and Mr. Jones discussing unpaid invoices); *Smith Int'l*, 490 F.3d at 387 ("A breach occurs when a party fails to perform a duty required by the contract.") (internal quotation marks omitted). To date, only partial

payment has been made. *See* ECF No. 30-1, Navarro Decl. ¶ 2; ECF No. 30-6 (funds transfers from Mr. Jones to WeGrow totaling $22,767.20). Mavco's failure to pay the remainder has caused damages in the total amount of the unpaid invoices, $79,549.42. *See* ECF No. 30-1, Navarro Decl. ¶ 2. Mr. Jones does not dispute the amount owed. *See* ECF No. 12 (Answer); ECF No. 28-5 at 1 (April 20, 2023 email from Mr. Jones acknowledging and promising to pay the outstanding sum). There is no material fact question as to any element of WeGrow's breach-of-contract claim.

When Mavco forfeited its charter on March 10, 2023, *see* ECF No. 28-2, Mr. Jones—the only officer listed on Mavco's certificate of formation, *see* ECF No. 28-7—became personally liable for its debts. The Texas Tax Code treats a taxable entity (including a limited liability company such as Mavco, *see* § 171.0002) that has forfeited its right to transact business in the state in the same manner as a corporation that has forfeited its corporate privileges—as a partnership, *see* §§ 171.2515, 171.255(b). Thus, forfeiture imposes liability on the entity's directors and officers "in the same manner and to the same extent" as if they were partners. *Id.* § 171.255(b).

Accordingly, Mr. Jones is liable for WeGrow's damages for Mavco's breach of contract.

## II.    Motion for Default Judgment against Mavco

### A.    Legal Standard

Pursuant to Rule 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). After a default has been entered and the defendant fails to appear or move to set aside the default, the court may, on the plaintiff's motion, enter a default judgment. FED. R. CIV. P. 55(b)(2). However, in considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012). The Court examines each in turn.

### B.    Analysis

#### 1.    Jurisdiction

"[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Turnakovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

Diversity jurisdiction exists where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Here, the amount in controversy—the remaining balance of $79,549.42—clearly exceeds the jurisdictional minimum. There is also complete diversity. The sole member of WeGrow, a limited liability corporation, is WeGrow AG, a corporation established in Switzerland with its principal place of business in Switzerland. Thus, WeGrow is a citizen of Switzerland. *See* ECF No. 5 ¶ 2. Mr. Jones, a natural person, is a citizen of Texas and the principal of Mavco. *See id.* ¶ 4. If a firm is not a corporation under state law, its citizenship, for the purpose of assessing federal diversity jurisdiction, is determined by the citizenship of its proprietor, partners, members, or other principals. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990); *see also Sun Packing, Inc. v. XenaCare Holdings, Inc.*, 924 F. Supp. 2d 749, 755 (S.D. Tex. 2012) ("Because Sun Packing, through forfeiture of its corporate privileges, had basically become a partnership under Texas law, it should be treated as such for purposes of diversity jurisdiction."). Thus, Mavco is also a citizen of Texas.

It appears that the Court has personal jurisdiction over Mavco, which was personally served with process in Texas in accordance with Texas law.[2] Rule 4(h) governs service of process on a corporations, partnerships, and associations. It provides, in relevant part:

---

2 "[S]ervice of process . . . initiates a defendant's obligations in a civil suit[.]" *Jefferson v. Delgado Cmty. Coll. Charity Sch. of Nursing*, 602 F. App'x 595, 598 (5th Cir. 2015) (per curiam). Absent proper service of process, a court lacks

Unless federal law provides otherwise or the defendant's waiver has been filed, a . . . partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

   (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

   (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

FED. R. CIV. P. 4(h). "Rule 4(h) is intended to ensure that an association is on notice of a lawsuit against it: 'The principal purpose of the Rule with respect to service on an agent of the corporation or association is to render it reasonably certain that the corporation will receive prompt and proper notice in an action against it.'" *Bisby v. Garza*, No. C-07-404, 2008 WL 4179237, at *2 (S.D. Tex. Sept. 8, 2008) (quoting 35A C.J.S. Federal Civil Procedure § 247).

The Court concludes that service on Mr. Jones, as Mavco's managing member (and sole member) was sufficient to provide Mavco with notice under Rule 4(h). *See* ECF No. 12 (Mr. Jones's purported answer on behalf of Mavco); ECF No. 28-7 at 1(certificate of formation, naming Mr. Jones as Mavco's managing member).

## 2.    Sufficiency of Plaintiff's Breach-of-Contract Claim

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Although the Court must accept

---

personal jurisdiction over a defendant, and any default judgment against the defendant would be void. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999). Under the Federal Rules of Civil Procedure, the plaintiff bears the burden of ensuring that the defendant is properly served with a copy of the summons and the complaint within ninety days of filing the complaint. *See* Fed. R. Civ. P. 4(c)(1), (m).

the plaintiff's well-pleaded facts as true, a defendant's default does not warrant the entry of default judgment before the Court finds a "sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr.*, 515 F.2d at 1206 ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."); *see also* 10A Wright & Miller *et al.*, FED. PRAC. & PROC. CIV. § 2688 (3d ed. 2002) ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.").

Thus, prior to a default judgment for damages, "the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). In determining whether the pleadings present a sufficient basis for Plaintiff's claim for relief, "the Fifth Circuit has looked to the Rule 8 case law for guidance[.]" *J&J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 815 (N.D. Tex. 2015).

Plaintiff's Amended Complaint adequately alleges a claim for breach of contract against Mavco. *See Cordero*, 629 F. App'x at 623. WeGrow alleges that, in March 2023, it "agreed to sell and Jones, ostensibly acting for Mavco, agreed to purchase 264,480 pounds of calcium chloride pellets / granules . . . at a price of $0.39/pound," to be shipped in multiple lots. ECF No. 4 ¶ 9. WeGrow tendered performance by delivering two lots of the Cargo. *See id.* ¶ 11*; Crop Prod. Servs., Inc. v. Vaculin*, No. 6:15-CV-00100, 2016 WL 3223323 (W.D. Tex. Feb. 16, 2016) (holding performance was tendered by Plaintiff when Plaintiff delivered the goods under the agreement). The breach occurred when Mavco allegedly failed to pay for the Cargo by the deadlines set forth on the invoices. *See id.* ¶¶ 13, 14. WeGrow alleges that these failures to pay

constitute a breach that has caused damages in the total amount of the unpaid invoices, $79,549.42. *See id.* These allegations, taken as true (and confirmed by the summary judgment record), state a claim for breach of contract against Mavco.

### 3. Damages

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Damages awarded in a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). Usually, non-liquidated damages are proven at a hearing. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) for the general rule that non-liquidated damages in default judgment are not awarded without evidentiary hearing). However, where a mathematical calculation of unliquidated damages is possible with reference to adequately detailed affidavits, a hearing is not necessary. *Id.* The discretionary nature of whether to conduct a hearing is supported by the express language in the Federal Rules themselves. *See* FED. R. CIV. P. 55(b)(2) (emphasis added) ("The court *may* conduct hearings . . . when, to enter or effectuate a judgment, it needs to: . . . (B) determine the amount of damages[.]").

The Court concludes that it need not conduct a hearing to determine damages in this matter. The total damages of $79,549.42 are alleged in the FAC, ECF No. 4 at 5, and have been confirmed by summary judgment evidence against Mr. Jones.

### 4. Whether Default Judgment is Warranted

"A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Instead, the district court "has the discretion to decline to enter a default judgment." *Lindsey v. Prive Corp.,* 161 F.3d

886, 893 (5th Cir. 1998). In deciding whether to exercise its discretion to enter default judgment, the Court considers:

> (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

To begin, taking all factual allegations in the FAC as true, the Court concludes that Plaintiff's allegations state a claim and that default judgment is appropriate.

As a result, the Court concludes that the first *Lindsey* factor weighs in favor of a default judgment. Mavco has not retained counsel or filed any responsive pleadings in this case and is deemed to have admitted to the facts alleged in the FAC. Moreover, the Court has granted summary judgment against Mr. Jones on the same claim. Thus, there are no material issues in dispute. *Lindsey*, 161 F.3d at 893.

Second, Mavco's failure to retain counsel and appear in this case answer effectively prejudices WeGrow as it brings the legal process to a halt, causing substantial prejudice to WeGrow. *Id.*

Third, the grounds for default are "clearly established" since, throughout this case, Mavco has failed to retain counsel in order to appear in this case. *See J.D. Holdings, LLC v. BD Ventures, LLC,* 766 F. Supp. 2d 109, 113 (D.D.C. 2011) (explaining that default judgment is appropriate where the defendants are totally unresponsive and the failure to respond is willful, as reflected by the parties' failure to respond to the complaint or the motion for default judgment).

Fourth, there is no evidence before the Court suggesting that Mavco's default is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893.

Fifth, Mavco has had nearly eighteen months to retain counsel and appear in this matter since the Couurt issued its first order to obtain counsel in March 2024. Any purported harshness of a default judgment is mitigated by Mavco's inaction for this time period. *United States v. Rod Riordan Inc.*, No. MO:17-CV-071-DC, 2018 WL 2392559, at *3 (W.D. Tex. May 25, 2018). Moreover, Texas entities that have forfeited their corporate status are presumptively subject to default judgment because they have lost their right to defend themselves under state law,[3] which, in turn, governs their capacity to defend themselves in federal court.[4]

Finally, the Court is not aware of any facts that give rise to "good cause" to set aside the default if challenged by Mavco. *Lindsey*, 161 F.3d at 893. Therefore, the Court finds that it is appropriate to exercise its discretion to grant default judgment in this matter.

## CONCLUSION

Accordingly, Plaintiff's motion for summary judgment against Defendant Danny Jones and for default judgment against Mavco Energy, LLC (ECF No. 28) is **GRANTED**.

Plaintiff is awarded $79,549.42 in damages. A final judgment in favor of Plaintiff shall issue in accordance with Rule 58.

Plaintiff is awarded costs and shall file a bill of costs in the form required by the Clerk of the Court, with supporting documentation, within fourteen days of the entry of the Judgment. *See* Local Rule 54.

---

[3] *See* TEX. TAX CODE § 171.252 (a Texas corporation that forfeits its corporate privileges is generally "denied the right to sue or defend" in Texas courts); *id.* § 171.0002 (including limited liability companies in the definition of a "taxable entity").

[4] *See* FED. R. CIV. P. 17(b)(2)–(3) (a corporation's capacity to sue or be sued depends on the law of the state where it was organized; the capacity of all other entities depends on the law of the state where the court is located); *Tex. Clinical Labs, Inc. v. Leavitt*, 535 F.3d 397, 408 (5th Cir. 2008) ("[W]e look to Texas law to determine whether the Texas [entities] have capacity to maintain this suit.").

The Clerk is **DIRECTED** to mail a copy of this Order and the Final Judgment to Danny Jones, 1141 North Loop 1604, Suite 105-401,San Antonio, TX 78232.

It is so **ORDERED**.

**SIGNED** this 4th day of September, 2025.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE