IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| WEGROW AG LLC,<br>   *Plaintiff*<br><br>-vs-<br><br>MAVCO ENERGY, LLC,<br>DANNY JONES,<br>   *Defendants* | §<br>§<br>§  SA-23-CV-00922-XR<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER ON MOTION FOR ATTORNEYS' FEES AND BILL OF COSTS

On this date, the Court considered Plaintiff's motion for attorneys' fees (ECF No. 37) and Bill of Costs (ECF No. 36). Defendants have not filed a response and the time to do so has expired.

### BACKGROUND

Plaintiff WeGrow AG LLC ("WeGrow") filed this action for breach of contract against Defendants Mavco Energy LLC ("Mavco") and Danny Jones ("Mr. Jones"), on July 26, 2023, based on diversity jurisdiction. ECF No. 1.

**I. Undisputed Facts**

In March 2023, WeGrow agreed to sell and Mr. Jones, ostensibly acting for Mavco, agreed to purchase calcium chloride pellets/granules (the "Cargo") with the shipment to be made in multiple lots. *See* ECF No. 30-1, Declaration of Juan Manuel Gonzalez Navarro (President and Chief Executive Officer of WeGrow) ¶ 2; ECF No. 28-1 (email offer). On March 10, 2023, unbeknownst to WeGrow, Mavco forfeited its authority to do business in the State of Texas. *See* ECF No. 30-1, Navarro Decl. ¶ 2; ECF No. 28-2 (Certificate of Forfeiture by Texas Secretary of State of Mavco's Charter).

In March 2023, WeGrow shipped 262,347 pounds of Cargo to Mavco in two deliveries: the first, 176,368 pounds, was shipped on March 16, 2023; and the second, 85,979 pounds, was shipped on March 24, 2023. *See* ECF No. 30-1, Navarro Decl. ¶ 2; ECF No. 28-3 (Bills of Lading).

WeGrow invoiced Mavco for the Cargo in the amounts of $68,784.30 and $33,532.32, respectively, totaling $102,316.62. *See* ECF No. 28-4 (Invoice Numbers 7000028 and 7000030). Payment on the first invoice was due on March 24, 2023, with payment on the second due a week later. *See id.*

Mr. Jones failed to make timely payments on the invoices and, on April 20, 2023, acknowledged the outstanding and overdue amount is valid and promised payment in an email to WeGrow. *See* ECF No. 28-5 at 1. WeGrow ultimately received wire transfers totaling $22,767.20, which funds were seemingly sent by Mr. Jones personally (rather than Mavco), leaving a principal balance due of $79,549.42. *See* ECF No. 28-6.

In September 2025, the Court granted WeGrow's motion for summary judgment against Mr. Jones and default judgment against Mavco. *See* ECF No. 34. WeGrow now seeks attorneys' fees in the amount of $11,037.03 and costs totaling $402.00. *See* ECF Nos. 36, 37. Defendants have not filed a response, and the time to do so has expired.

## DISCUSSION

### I. Attorneys' Fees

#### A. Legal Standard

Reasonable attorneys' fees are calculated by the Court using three steps: (1) determine the nature and extent of the services provided by counsel; (2) set a value on those services according to the customary fee and quality of the legal work; and (3) adjust the compensation based on the other *Johnson* factors that may be of significance in the particular case. *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1092 (5th Cir. 1982); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This is known as the "lodestar" amount and is derived from step one and two of the reasonable attorney fee calculation. Both the hours worked, and the hourly rate must be reasonable, and the Court considers only the hours spent on successful claims. *See id*. at 433–34.

The third step of the reasonable attorney fee calculation is reserved for the adjustment of the lodestar using the twelve *Johnson* factors. That is, once the basic fee is calculated, the Court may adjust the amount upward or downward. Rarely are all factors applicable, however, and a trial judge may give them different weights. *Id*. The "*Johnson* factors" are:

> (1) the time and labor required; (2) the novelty and difficulty of the legal questions; (3) the requisite skill to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 717–19. The court may not consider *Johnson* factors it already used to calculate the lodestar amount. *Black v. SettlePou, P.C.*, 732 F.3d 492, 503 (5th Cir. 2013).

**B.    Analysis**

Plaintiff is entitled to fees for its successful breach-of-contract claim. *See* TEX. CIV. PRAC. & REM. CODE § 38.001(8) (providing for recovery of fees for successful claim for breach of written contract); *First Nat'l Bank of Pa. v. Oceanic Protective Servs., LLC*, No. SA-19-CV-141-XR, 2019 WL 2329323 (W.D. Tex. May 31, 2019); *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 838 (Tex. App.—Dallas 2014) ("A party may recover attorneys' fees in

a breach of contract claim even without an agreement providing for them if the party claiming the fees (1) prevails on its breach of contract claim and (2) recovers damages. *See* TEX. CIV. PRAC. & REM. CODE § 38.002.").

WeGrow has submitted the affidavit of Nicholas A. Parma and detailed billing records reflecting that, from January 7, 2024 to July 29, 2025, WeGrow incurred 52 hours of attorney time billed by Mr. Parma, an associate, at $200 per hour, and one hour billed by partner Edward Osuna, at $627.50 per hour (representing a balance forwarded from a previous invoice). *See* ECF No. 37-1. Based on the Court's calculation, the invoices for services total $11,027.50.

The Court finds no reason to believe that an adjustment based on the *Johnson* factors would be appropriate.

Based upon the affidavit and the time spent preparing this case, the Court awards Plaintiff its reasonable attorneys' fees in the amount of $11,027.50.

## II.   Costs

As the prevailing party, WeGrow seeks $402.00 in costs pursuant to FED. R. CIV. P. 54(d), which provides that costs "shall be allowed as of course to the prevailing party."

Section 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the authority found in Rule 54(d). *Gaddis v. United States*, 381 F.3d 444, 450 (5th Cir. 2004). Under Section 1920, a judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where

the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Wells Fargo seeks costs in the amount of $402 for fees of the Clerk. ECF No. 36. The Court awards $402.00 in costs for the fees of the clerk.

## CONCLUSION

For the foregoing reasons, WeGrow's motion for attorneys' fees (ECF No. 37) is **GRANTED**. WeGrow is awarded attorneys' fees in the amount of $11,027.50 and costs in the amount of $402.00

It is so **ORDERED**.

**SIGNED** this 14th day of October, 2025.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE